| | |
|---|---|
| **ROPES & GRAY LLP** <br> Ryan Preston Dahl (*pro hac vice* pending) <br> 1211 Avenue of the Americas <br> New York, New York 10036 <br> Telephone: (212) 596-9000 <br> Facsimile: (212) 596-9090 <br> ryan.dahl@ropesgray.com <br><br> - and - <br><br> **ROPES & GRAY LLP** <br> Chris L. Dickerson (*pro hac vice* pending) <br> Rahmon J. Brown (*pro hac vice* pending) <br> Michael K. Wheat (*pro hac vice* pending) <br> 191 North Wacker Drive, 32nd Floor <br> Chicago, Illinois 60606 <br> Telephone: (312) 845-1200 <br> Facsimile: (312) 845-5500 <br> chris.dickerson@ropesgray.com <br> rahmon.brown@ropesgray.com <br> michael.wheat@ropesgray.com <br><br> *Proposed Counsel to the Debtors* | **FOLEY & LARDNER LLP** <br> Holland N. O'Neil (TX 14864700) <br> Stephen A. Jones (TX 24101270) <br> Zachary C. Zahn (TX 24137675) <br> 2021 McKinney Avenue, Suite 1600 <br> Dallas, TX 75201 <br> Telephone: (214) 999-3000 <br> Facsimile: (214) 999-4667 <br> honeil@foley.com <br> sajones@foley.com <br> zzahn@foley.com <br><br><br><br><br><br><br><br><br><br><br><br><br><br> *Proposed Co-Counsel to the Debtors* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> Hooters of America, LLC, *et al.*,[1] <br><br><br> Debtors. | Chapter 11 <br><br> Case No. 25-80078 (SWE) <br><br> (Joint Administration Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

**ORDER (I) AUTHORIZING REJECTION OF CERTAIN
NONRESIDENTIAL REAL PROPERTY LEASES, (II) ABANDONING
CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on April 2, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on April 2, 2025 at 3:00 p.m. (prevailing Central Time) in Courtroom 3, Floor 14, 1100 Commerce Street, Dallas, Texas 75242 before the Honorable Scott W. Everett, U.S. Bankruptcy Judge for the Northern District of Texas.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (650) 479-3207. Video communication will be by use of the Cisco Webex platform. Connect via the Cisco Webex application or click the link on Judge Everett's home page. The meeting code is 2304 017 9738. Click the settings icon in the upper right corner and enter your name under the personal information setting. A copy of Judge Everett's WebEx Hearing Instructions can be found at the following link: WebEx Hearing Instructions.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Everett's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Hooters of America, LLC and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of Keith Maib, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] filed concurrently herewith, and further represent as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

2

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the rejection of certain of their prepetition unexpired leases of nonresidential real property (collectively, the "Leases") set forth on **Exhibit 1** to the Order as of the Petition Date, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property remaining in the premises of the Leases as of rejection date, and (c) granting related relief.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**BACKGROUND**

5. On March 31, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the

appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6.     Founded in 1983, the Debtors own and operate Hooters, an iconic brand in the casual dining and sports entertainment dining industries. The Debtors' global portfolio of restaurants includes 151 Debtor-owned and operated locations and 154 franchised locations in 17 countries. The Debtors are known for their world-famous chicken wings, beverages, live sports, and legendary hospitality. The Debtors also partner with a major food products licensor to offer shoppers Hooters-branded frozen meals products at 1,250 grocery store locations.

7.     Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## THE DEBTORS' UNEXPIRED LEASES

8.     The Debtors are parties to commercial leases (including restaurant and office locations) related to the Debtors' business. In the weeks leading up to the Petition Date, the Debtors evaluated, and continue to evaluate, their Leases and the operational and financial performance of certain of its restaurant locations and determined that it was in the best interests of the Debtors and the Debtors' estates that the Debtors cease operations at certain restaurant locations. To that end, the Debtors have determined in a good-faith exercise of their business judgment to reject the Leases listed on **Exhibit 1** to the Order.

9.     Prior to the Petition Date, the Debtors ceased operations in 36 restaurant locations (the "Closed Locations"). For such locations, the applicable landlords (the "Landlords") have either locked the Debtors out of certain of the Closed Locations or the Debtors have surrendered possession of certain of the Closed Locations to the Landlords. Correspondingly, the Debtors

4

have determined in a good-faith exercise of their business judgment to reject the Leases at the Closed Locations, to the extent such Leases are unexpired leases as that term is used in section 365 of the Bankruptcy Code.

10. The Debtors determined in their business judgment that the costs of the Leases exceed any marginal benefits that could potentially be achieved through the assignments or subleases of such Leases. As of the Petition Date, none of the restaurants located on the premises of such Leases were operating.

11. The rejection of the Leases at the Closed Locations will result in savings for the Debtors' estates of approximately $488,946–$597,601 per month. Even if the Closed Locations could be reopened immediately, the Debtors believe that the short-term costs of maintaining the Leases would outweigh any potential long-term benefits from operating the restaurants therein.

12. Before the Petition Date, the Debtors notified the Surrendered Landlords of their decision to surrender the premises and property and turn over keys, key codes, and securities codes, if any, so that the Surrendered Landlords could attempt to mitigate any damages arising from the rejection of the applicable Lease. To the extent such notifications were not sufficiently clear, the notice of the Order shall serve as further notice to reiterate the Debtors' immediate surrender of the premises, effective as of the Petition Date.

13. Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of their sound business judgment, the Debtors have determined that rejecting the Leases at the Closed Locations, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

14. At the Surrendered Premises, the Debtors do not believe there is any valuable property of the Debtors remaining on the premises for the Leases sought to be rejected by this Motion. The majority of the Debtors' property to be abandoned constitutes furniture, equipment,

dishware, kitchenware, and other personal property typically in a restaurant and was not transferred to other locations following the store closures. To the extent that any of the Debtors' property is located at the premises, the Debtors have determined that the property is of inconsequential value to the estates, or that the cost of removing and storing such property outweighed any potential benefit of retaining such property. Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of any of the Debtors' property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## BASIS FOR REQUESTED RELIEF

### I. The Rejection of the Leases is in the Best Interest of the Debtors' Estates

15. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11 U.S.C. § 365(a). Courts generally authorize debtors to assume or reject unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g.*, *In re Senior Care Cts, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard."); *In re TM Vill., Ltd.*, No. 18-32770, 2019 WL 1004571, at *10 (Bankr. N.D. Tex. Feb. 28, 2019) ("A debtor must "satisfy [his] fiduciary duty to . . . creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business.") (citation omitted); *In re TransAmerican Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987); *see also Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected . . . is one of business judgment'") (citation omitted).

6

16. The Debtors have determined, in their sound business judgment, that rejection of the Leases set forth in **Exhibit 1** to the Order is crucial to maximizing the value of their estates. The Debtors have carefully reviewed the revenues generated and expenses incurred at the Leases and determined, in their business judgment, that the Leases would require a greater expense than they would garner in revenue. In the sound exercise of their business judgment, the Debtors have determined that the rejection of the Leases as of the Petition Date is in the best interests of their estates and creditors.

II. **Retroactive Effective Relief May Be Sought Where Appropriate**

17. Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively. However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard. *See, e.g.*, *In re TGI Friday's, Inc.*, No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 5, 2024) [Docket No. 97] (approving procedures to reject or assume executory contracts and unexpired leases); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992)

7

("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

18. Here, the balance of equities favors rejection of the Leases effective as of the Petition Date. Without such relief, the Debtors would potentially incur unnecessary administrative expenses related to the Leases. *See* 11 U.S.C. § 365(d)(3). The Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Possession of the premises was delivered to each respective Landlord on, or prior to, the Petition Date, and the Landlords were made aware of the surrender. Further, by this Motion, the Landlords are receiving notice of the Debtors' intention to reject the Leases and tender immediate possession of the applicable premises.

19. The Debtors will cause notice of this Motion to be served on the affected Landlords, thereby allowing each party sufficient opportunity to respond accordingly. Accordingly, the Debtors respectfully submit that the Court deem the Lease identified on **Exhibit 1** to the Order rejected effective as of the Petition Date.

**III.   Abandonment of Personal Property is in the Best Interest of the Debtors' Estates**

20. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Any property of the bankruptcy estates to be abandoned at the premises of the Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for such property. Accordingly, the abandonment of such property of the bankruptcy estates is in the best interests of the Debtors, their estates, and their creditors and parties in interest will have sufficient notice of such abandonment.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

21. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

22. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code except as expressly set forth herein; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the requested relief, any payment made pursuant to the Court's order is not intended and should not be construed as an

admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**NOTICE**

23. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the United States Attorney's Office for the Northern District of Texas; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (f) Sidley Austin, LLP as counsel to the DIP Lender; (g) White & Case LLP as counsel to the Ad Hoc Group of Noteholders; (h) the Indenture Trustee; (i) Seward & Kissel, LLP as counsel to the servicer and control party under the A&R Base Indenture; (j) all Lease counterparties listed in **Exhibit 1** to the Order; (k) any known third party having an interest in personal property located in or on the premises; (l) banks and financial institutions where the Debtors maintain accounts; (m) counsel to any statutory committee appointed in these Chapter 11 Cases; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

24. The pleadings in these Chapter 11 Cases and supporting papers are available on the Debtors' website at https://cases.ra.kroll.com/Hooters or on the Bankruptcy Court's website at https://ecf.txnb.uscourts.gov/. You can request any pleading you need from (i) the proposed noticing agent at: HootersInfo@ra.kroll.com, (888) 575-4910 (toll-free), +1 (646) 844-3894 or (ii) proposed counsel for the Debtors at: Foley & Lardner LLP, c/o Stephen A. Jones, (sajones@foley.com) or Zachary C. Zahn (zzahn@foley.com), 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: March 31, 2025

Respectfully submitted by:

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

**ROPES & GRAY LLP**
Ryan Preston Dahl (*pro hac vice* pending)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

-and-

**ROPES & GRAY LLP**
Chris L. Dickerson (*pro hac vice* pending)
Rahmon J. Brown (*pro hac vice* pending)
Michael K. Wheat (*pro hac vice* pending)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

    I certify that on March 31, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

                                            */s/ Stephen A. Jones*
                                            Stephen A. Jones