

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 23, 2025**

United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hooters of America, LLC, *et al.*,[1] | Case No. 25-80078 (SWE) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING EMPLOYMENT OF FOLEY & LARDNER LLP AS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

Upon the application (the "Application")[2] of Hooters of America, LLC and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order authorizing the Debtors to employ Foley & Lardner LLP ("Foley") as counsel effective as of the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Rules"); and the Court having reviewed the Application and the O'Neil Declaration; and the Court having jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this district being proper pursuant to 18 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Application and in the O'Neil Declaration, that (a) Foley does not hold or represent an interest adverse to the Debtors' estates and (b) Foley is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and adequate and appropriate notice of the Application having been given under the circumstances and no other or further notice being required; and the Court having found that the requirements of the Local Rules are satisfied by the contents of the Application; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to retain Foley as counsel, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application.

3.      Foley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court. Foley shall also make a reasonable effort to comply with the U.S. Trustee's requests for information, both in connection with the Application and the interim and final fee applications to be filed by Foley in these Chapter 11 Cases.

4.      Foley will provide ten (10) business days' notice prior to any rate increases by notifying the Debtors, the United States Trustee, and the Official Unsecured Creditors' Committee (if any) by filing a notice with the Court. All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      Foley shall review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Foley will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a). If any supplemental "connections" are disclosed by Foley through one or more supplemental declarations, any objections to the continued retention of Foley as Debtors' counsel shall be due within 21 days after the filing and serving of each supplemental disclosure.

Absent any objections, the employment of Foley as Debtors' counsel shall continue as authorized pursuant to this Order without the need for further order of this Court.

6.      Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief* [Docket No. 98], any further interim order or final order entered by the Court in connection therewith, any approved budget approved by the Court in connection therewith, or any other order granting postpetition financing in these Chapter 11 Cases.

7.      Notwithstanding anything to the contrary in the Application, the O'Neil Declaration, the terms of any engagement letter, or this Order, Foley shall not seek reimbursement of any fees or costs of its counsel arising from the prosecution or defense of any of Foley's fee applications in these bankruptcy cases, except as and to the extent otherwise permitted under applicable law and the decisions of this Court.

8.      The Debtors and Foley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # End of Order # # #**

Order submitted by:

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

- and -

**ROPES & GRAY LLP**
Chris L. Dickerson (admitted *pro hac vice*)
Rahmon J. Brown (admitted *pro hac vice*)
Michael K. Wheat (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*