**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

- and -

**ROPES & GRAY LLP**
Chris L. Dickerson (admitted *pro hac vice*)
Rahmon J. Brown (admitted *pro hac vice*)
Michael K. Wheat (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Counsel to the Debtors*

**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

*Co-Counsel to the Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Hooters of America, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80078 (SWE)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

**DEBTORS' OMNIBUS REPLY TO UNITED STATES TRUSTEE'S AND COMMITTEE'S OBJECTION AND IN SUPPORT OF THE DEBTORS' DISCLOSURE STATEMENT MOTION**

Hooters of America, LLC and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned proposed counsel, hereby submit this omnibus reply (this "Omnibus Reply")[2] to (i) the objection filed by the United States Trustee (the "Trustee") to the relief requested in *Debtors' Motion for Entry of Order (I) Scheduling a Combined Hearing on (A) Adequacy of Disclosure Statement on a Final Basis and (B) Plan Confirmation; (II) Fixing Deadlines Related to Disclosure Statement Approval and Plan Confirmation; (III) Approving (A) Solicitation and Voting Procedures, (B) Form and Manner of Combined Hearing Notice and Objection Deadline, and (C) Notice of Non-Voting Status; (IV) Conditionally Approving the Disclosure Statement, and (V) Granting Related Relief* [Docket No. 263] (the "Disclosure Statement Motion", and the Trustee's objection to the Disclosure Statement Motion, the "Trustee Objection"), and (ii) the objection filed by the Official Unsecured Creditors' Committee (the "Committee") to the relief requested in the Motion (the "Committee Objection", together with Trustee Objection, the "Objections").

**PRELIMINARY STATEMENT**

1.    The Debtors commenced these Chapter 11 Cases on March 31, 2025, with a Restructuring Support Agreement in place and DIP financing secured. Both of these arrangements require an efficient bankruptcy process and are premised on the implementation of a sale

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Joint Chapter 11 Plan of Reorganization of Hooters of America, LLC, and its Affiliated Debtors* [Docket No. 261] (as amended, supplemented, or otherwise modified from time to time, the "Plan") or the *Disclosure Statement for the Joint t Chapter 11 Plan of Reorganization of Hooters of America, LLC, and its Affiliated Debtors* [Docket No. 262] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").

2

transaction and chapter 11 plan that is supported by the overwhelming majority of creditors. Although the deadline to commence solicitation has been extended by the Consenting Creditors from 30 to 71 days, there is growing concern among stakeholders regarding the pace of progress. It is critical that the Chapter 11 Cases continue to move forward and adhere to their agreements in the RSA and DIP order as any further delay risks undermining the entire restructuring effort.

2. Since filing the initial versions of the Plan, the Disclosure Statement, and the Disclosure Statement Motion on May 6, 2025, the Debtors have worked constructively with parties in interest, including the Trustee and the Committee, to address their informal comments and formal objections. As a result, the Debtors are filing revised versions of the Plan and the Disclosure Statement contemporaneously herewith, which should address many of the comments and arguments made in the objections that are pertinent to the relief requested. To the extent unresolved, such comments and objections are addressed in this Omnibus Reply and should be overruled. A chart summarizing the arguments raised in the Objections and the Debtors' responses is attached hereto as **Exhibit A**.

3. Specifically, the Trustee Objection should be overruled because (i) abundant case law and Complex Procedures (defined below) support conditional approval of the Disclosure Statement in these circumstances, and (ii) the Trustee's assertion that a bankruptcy court does not have jurisdiction to impose permanent injunctions, particularly in the context of third-party releases, is contradicted by well-established Fifth Circuit case law. The remaining points raised by the Trustee are moot as they have been addressed by the Debtors' modifications to the Plan, the Disclosure Statement, and the Solicitation Package, as applicable.

4. Similarly, the Committee Objection should be overruled as the arguments made therein are (i) improper at this juncture, (ii) properly classified as plan confirmation objections, or

3

(iii) moot as they have been addressed by the Debtors in the modifications to the Plan, the Disclosure Statement, and the Solicitation Package, as applicable.

5. The Objections do not present any basis for the Court to delay conditional approval of the Disclosure Statement and solicitation of votes on the Plan. The Disclosure Statement, along with the proposed solicitation and notice procedures, provide Holders of Claims with "adequate information" as well as the necessary notice and due process to vote on the Plan in accordance with section 1125 of the Bankruptcy Code. The solicitation procedures will ensure that all Holders of Claims and Interests have the opportunity to participate in the process, while ensuring these Chapter 11 Cases progress efficiently. Accordingly, for the reasons set forth herein, the Debtors request that the Court overrule the Objections and enter the Order granting the relief sought in the Disclosure Statement Motion.

**REPLY**

**I.     The Trustee Objection Must be Overruled.**

   *A.     Conditional Approval of the Disclosure Statement is Appropriate Under the Bankruptcy Code.*

6. The Trustee's argument that sections 1125 and 105 of the Bankruptcy Code categorically prohibit conditional approval of disclosure statements in non-small business chapter 11 cases is predicated on a novel statutory construction that conditional approval of a disclosure statement is not explicitly authorized by section 1125 of the Bankruptcy Code. Therefore, the Trustee argues, the Bankruptcy Code trumps Section H of this Court's General Order 2023-01, Procedures for Complex Cases in the Northern District of Texas (the "<u>Complex Procedures</u>"), which authorizes conditional approval of the disclosure statement upon a motion. Trustee Obj. ¶¶14–17. Other than its own interpretation, the Trustee fails to provide any authority to support its argument. In fact, case law establishes the contrary. The sheer number of cases where

4

disclosure statements have been conditionally approved in this district suggest that the Trustee's statutory construction is incorrect.[3] In particular, this Court has specifically rejected the Trustee's identical argument in another complex case. *See In re Zips Car Wash, LLC*, Case No. 25-80069 (MVL) (Bankr. N.D. Tex. Mar. 17, 2025) [Docket No. 240].

7. Furthermore, the Debtors' chapter 11 case timeline and strategy have been carefully crafted relying on this Court's Complex Procedures and strong case law permitting conditional approval of disclosure statements. As further set forth in the Motion, the Debtors have satisfied the relevant disclosure requirements and conditional approval of the Disclosure Statement is warranted under the circumstances. Accordingly, the U.S. Trustee's attempt to disturb well-settled law must be overruled.

B. *The Injunction is Appropriate Under Fifth Circuit Law.*

8. As a threshold matter, the Trustee's injunction argument relates to the confirmability of the Plan and ***not*** the adequacy of the Disclosure Statement. The prosecution of such objection is not appropriate at this juncture. Courts within the Fifth Circuit have consistently held that objections to a chapter 11 plan (including those concerning injunctions implementing releases) are not proper disclosure objections, but rather plan confirmation objections that should be addressed at the confirmation hearing. *See e.g.,* Discl. Stmt. Hr'g Tr. At 275:7–10, *In re GVS Texas Holdings*, No. 21-31121 (MVL) (Bankr. N.D. Tex. Feb. 3, 2022) ("With respect to the governmental releases and opt outs and exculpations, from the Court's perspective as I've said

---

[3] *In re Zips Car Wash, LLC*, Case No. 25-80069 (MVL) (Bankr. N.D. Tex. Mar. 17, 2025) [Docket No. 240] (order conditionally approving disclosure statement); *In re CareMax, Inc.* No. 24-80093 (Bankr. N.D. Tex. Dec. 20, 2024) [Docket No. 270] (same); *In re Eiger Biopharmaceuticals, Inc.*, No. 24-80040 (Bankr. N.D. Tex. July 30, 2024) [Docket No. 473] (same); *In re Cottonwood Financial, Ltd.*, No. 24-80035 (Bankr. N.D. Tex. July 1, 2024) [Docket No. 373] (same); *In re Sunland Medical Foundation*, No. 23-80000 (Bankr. N.D. Tex. Mar. 15, 2024) [Docket No. 446] (same); *In re IPI Legacy Liquidation Co.*, No. 23-80016 (Bankr. N.D. Tex. Feb. 27, 2024) [Docket No. 260] (same); *In re Eye Care Leaders Portfolio Holdings*, No. 24-80001 (Bankr. N.D. Tex. Feb. 23, 2024) [Docket No 583] (same).

5

prior, I consider most of those to be confirmation issues.").[4]  Regardless, the Debtors will briefly address the Trustee's injunction arguments, but expressly reserve all rights with respect thereto.

9.  The Trustee argues the Bankruptcy Code does not authorize chapter 11 plans to use injunctions to enforce releases or exculpations, and more specifically, for claims between non-debtors (*i.e.*, third-party releases).  While the Bankruptcy Code may not specifically provide a provision authorizing injunctions to enforce releases or exculpations, such an injunction is permissible under prevailing Fifth Circuit law so long as the injunction is consensual.  *See, e.g., In re Camp Arrowhead*, 451 B.R. 678, 701–02 (Bankr. W.D. Tex. 2011) ("The Fifth Circuit does allow permanent injunctions so long as there is consent.") (citations omitted).  Importantly, the Plan and the injunctions contained therein are not affected by the Supreme Court's *Purdue Pharma* decision as that decision only established that **nonconsensual** third-party releases cannot be imposed by a chapter 11 plan. *See Harrington v. Purdue Pharma, L.P.*, 603 U.S. 204 (2024).

10.  Here, the releases contained in the Plan, including the third-party releases, require interested parties to affirmatively ***opt-in*** to the releases and therefore are consensual.  There can be no question that the injunctions contained in the Plan to implement such releases are also consensual.  Consensual injunctions are permitted to be authorized by chapter 11 plans, and therefore, the Trustee's injunction objection should be overruled.

---

[4]  *See also*, Discl. Stmt. Hr'g Tr. at 22:21–22, 23:7–10, *In re Diamond Sports Grp., LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. Oct. 9, 2024) ("obviously plan confirmation issues are separate than what we're doing today" and that the U.S. Trustee's objection to "the content of the release parties and the scope of the release parties . . . [is] a plan confirmation objection as well."); Discl. Stmt. Hr'g Tr. at 136:4–5, *In re Envision Healthcare Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. Aug. 2, 2023) (noting that the official committee of unsecured creditors' objection to the Debtors' releases, injunction, discharge, and exculpation provisions of the Plan should be appropriately addressed at confirmation); Discl. Stmt. Hr'g Tr. at 17:4–19, *In re iHeartMedia, Inc.*, No. 18-31274 (Bankr. S.D. Tex. Sept. 13, 2018) (noting that objections to releases are best addressed at confirmation); *see also In re Drexel Burnham Lambert Group*, 1992 WL 62758, at *1 (Bankr. S.D.N.Y. Mar. 5, 1992) (stating that objections to a plan of reorganization's releases and injunction provisions were in the nature of confirmation objections and therefore improperly raised as objections to the disclosure statement).

6

      C.    *The Remaining Arguments in the Trustee Objection Have Been Rendered Moot by Modifications to the Disclosure Statement, Solicitation Packages, and the Plan, as Applicable, and Should Therefore Be Overruled.*

11.    The Debtors have addressed the Trustee's remaining objections by making modifications to the Disclosure Statement, the Solicitation Packages, and the Plan, as applicable.

12.    *First*, the Debtors added "Exculpated Party" as a Plan definition, referencing the Exculpated Fiduciaries. The scope of the exculpation remains unchanged and is limited to the Exculpated Fiduciaries. The Debtors believe that this revision resolves the Trustee's Exculpated Party objection.

13.    *Second*, the Debtors partially modified the Plan's injunction provision to clarify that only parties who have opted in to the third-party releases will be enjoined from asserting claims that have been released pursuant to such third party release as shown in the redline below. The Debtors believe that this revision resolves the Trustee's injunction objection.

> ~~"**BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN WILL BE DEEMED TO HAVE AFFIRMATIVELY AND SPECIFICALLY CONSENTED TO BE BOUND BY THE PLAN, INCLUDING, WITHOUT LIMITATION, THE INJUNCTIONS SET FORTH IN THIS ARTICLE VIII.F."**~~
>
> "**THE RELEASES AND INJUNCTIONS SET FORTH IN THIS ARTICLE VIII IN FAVOR OF NON-DEBTOR PARTIES SHALL ONLY APPLY TO HOLDERS OF CLAIMS OR INTERESTS IF SUCH HOLDER OF A CLAIM OR INTEREST TIMELY OPTS INTO THE RELEASES. FOR THE AVOIDANCE OF DOUBT, ALL HOLDERS OF CLAIMS AND INTERESTS, WHETHER OR NOT THEY OPT INTO THE RELEASES, SHALL BE ENJOINED FROM ASSERTING OR CONTINUING TO PURSUE ANY CLAIM OR CAUSE OF ACTION ARISING PRIOR TO ENTRY OF THE CONFIRMATION ORDER AGAINST THE DEBTORS OR THEIR ESTATES TO THE EXTENT SUCH CLAIMS ARE ADDRESSED BY, OR SATISFIED IN ACCORDANCE WITH, THIS PLAN.**"

Plan, Article VIII.F.

14. *Third*, the Debtors will add the following language to the proposed confirmation order to clarify that the releases contained in the Plan shall not affect releases of any claims by the United States government or any of its agencies. The Debtors believe that this revision resolves the Trustee's objection to the governmental agencies' releases.

> Subject to the requirements applicable to Governmental Units set forth in the Bar Date Order, nothing in the Plan or this Confirmation Order shall effect a release of any claim by any Governmental Unit or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against any party or Person, nor shall anything in the Plan or this Confirmation Order enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or Person for any liability of such Persons whatsoever, including, without limitation, any claim, suit, or action arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against such persons, nor shall anything in the Plan or this Confirmation Order exculpate any party or Person from any liability to any Governmental Unit or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against any party or Person.

15. As set forth above, the Debtors believe that certain arguments of the Trustee have been rendered moot by the modifications to the Disclosure Statement, the Solicitation Packages, and the Plan, as applicable, and should be overruled.

**II.    The Committee Objection Should be Overruled**.

    *A.    The Plan Does Not Effectuate Substantive Consolidation or Violate the Absolute Priority Rule*.

16. As an initial matter, whether the Plan effectuates an improper substantive consolidation or violates the absolute priority rule are plan confirmation issues that should be addressed at the Combined Hearing. At this juncture, the Court should only determine whether the Disclosure Statement contains "adequate information" to enable a hypothetical creditor to make an informed judgment on whether to vote to accept the Plan. *See, e.g.*, *In re Sea Trail*

8

*Corp.*, No. 11-07370-8-SWH, 2012 WL 5247175, at *5 (Bankr. E.D.N.C. Oct. 23, 2012); *In re Quigley Co.*, 377 B.R. 110, 115–16 (Bankr. S.D.N.Y. 2007). A disclosure statement that provides adequate information should be denied only in the rare circumstances where the corresponding plan is "patently unconfirmable"—or so "fatally flawed" as to render confirmation "***impossible***." *See In re U.S. Brass Corp.*, 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996) (emphasis added). That is not the case here. Nevertheless, the Debtors will briefly address the issues and reserve all rights to further address such arguments at the Combined Hearing should they be re-raised by the Committee.

17. The Committee asserts that the Plan effectuates substantive consolidation and violates the absolute priority rule because the Plan's distribution mechanism purportedly blurs the distinction between assets of the Securitization Entities and assets of the Non-Securitization Entities. However, this assertion represents a fundamental misunderstanding of the Debtors' capital and business structure. As explained in detail in the First Day Declaration, the Securitization Entities are subject to a payment waterfall under the Prepetition Securitization Indenture. First Day Decl. ¶ 23. At the top of this payment waterfall is the obligation to reimburse Hooters of America, LLC, *a Non-Securitization Entity*, on account of Manager Advances extended by it to the Securitization Entities. *See id.* Hooters of America, LLC pledged its right to repayment of the Manager Advances as security under the Prepetition MA Credit Agreement. As such, any profit derived by the Securitization Entities from restaurant and franchise activities or proceeds of any liquidation of Securitization Entities' collateral are first used to repay the Non-Securitization Entity on account of Manager Advances, and as a result, the noteholders' right to receive distributions under the Prepetition Securitization Indenture are subordinated to the Manager Advance Lender's right to receive distributions. More importantly,

9

revenue derived by the Securitization Entities have not been sufficient to make payments beyond Prepetition Lenders, meaning claims held by general unsecured creditors are woefully underwater and not prejudiced in any way by the proposed Plan treatment. Accordingly, the Committee's argument with respect to substantive consolidation is not only inappropriate at this juncture but substantively baseless and must be overruled.

      B.    *The Debtors' Revised Disclosure Statement Contains Sufficient Information, Resolving the Remainder of the Committee Objection.*

18. *First*, the Committee's argument that the Disclosure Statement lacks (i) a liquidation analysis, a valuation analysis, and financial projections, and (ii) a discussion of the prepetition marketing process for the Debtors' assets, are resolved by the Debtors revised Disclosure Statement, filed contemporaneously herewith.

19. *Second*, the Committee's argument that the Disclosure Statement does not identify or properly evaluate unencumbered assets and as such solicitation is inappropriate, is also resolved by the revised Disclosure Statement. The liquidation analysis demonstrates that there are no unencumbered assets to be distributed to the general unsecured creditors or such value is *de minimis* at best. Moreover, the determination as to whether unencumbered assets have been properly evaluated for purposes of distribution to general unsecured creditors relate to confirmability of the Plan and should not be addressed at this juncture. The Committee's suggestion that pursuit of conditional approval of the Disclosure Statement at this time is somehow inefficient or inappropriate is false. To the contrary, it is crucial that the Debtors receive conditional approval and commence solicitation so that they can maintain compliance with the case milestones and keep these Chapter 11 Cases from veering horribly off course.

20. *Third*, the Committee's argument that the Disclosure Statement contains insufficient information with respect to the releases and the considerations provided thereto is

10

also inappropriate. As stated above, this Court has routinely held that appropriateness of releases are plan confirmation issues. *See, e.g.*, Discl. Stmt. Hr'g Tr. At 275:7–10, *In re GVS Texas Holdings*, No. 21-31121 (MVL) (Bankr. N.D. Tex. Feb. 3, 2022) ("With respect to the governmental releases and opt outs and exculpations, from the Court's perspective as I've said prior, I consider most of those to be confirmation issues.").[5] The Debtors will be prepared to show that each of the proposed Released Parties is providing consideration in exchange for receiving a release and to otherwise defend and address these issues as part of plan confirmation.

**RESERVATION OF RIGHTS**

21. The Debtors expressly reserve all rights to provide additional legal arguments and/or briefing or to present additional evidence prior to or at the Combined Hearing (a) with respect to seeking final approval of the Disclosure Statement and confirmation of the Plan or (b) in response to the Objections or any other objections with respect to final approval of the Disclosure Statement or confirmation of the Plan.

**CONCLUSION**

22. For all the foregoing reasons, the Debtors request that the Court overrule the Objections, enter the Order, and grant the relief requested in the Disclosure Statement Motion and such other relief as the Court deems appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

---

[5] *See also*, Discl. Stmt. Hr'g Tr. at 22:21–22, 23:7–10, *In re Diamond Sports Grp., LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. Oct. 9, 2024) ("obviously plan confirmation issues are separate than what we're doing today" and that the U.S. Trustee's objection to "the content of the release parties and the scope of the release parties . . . [is] a plan confirmation objection as well."); Discl. Stmt. Hr'g Tr. at 136:4–5, *In re Envision Healthcare Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. Aug. 2, 2023) (noting that the official committee of unsecured creditors' objection to the Debtors' releases, injunction, discharge, and exculpation provisions of the Plan should be appropriately addressed at confirmation); Discl. Stmt. Hr'g Tr. at 17:4–19, *In re iHeartMedia, Inc.*, No. 18-31274 (Bankr. S.D. Tex. Sept. 13, 2018) (noting that objections to releases are best addressed at confirmation); *see also In re Drexel Burnham Lambert Grp.*, 1992 WL 62758, at *1 (Bankr. S.D.N.Y. Mar. 5, 1992) (stating that objections to a plan of reorganization's releases and injunction provisions were in the nature of confirmation objections and therefore improperly raised as objections to the disclosure statement).

11

Dated: June 13, 2025

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

*Co-Counsel to the Debtors*

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

**ROPES & GRAY LLP**
Chris L. Dickerson (admitted *pro hac vice*)
Rahmon J. Brown (admitted *pro hac vice*)
Michael K. Wheat (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Counsel to the Debtors*

## Exhibit A

**Summary of Disclosure Statement Objections**

**Summary of Disclosure Statement Objections**

|   | **UST Comment / Argument** | **Debtors' Response** |
|---|---|---|
| 1. | **Conditional Approval of DS**. Conditional approval of disclosure statements in non-small business chapter 11 cases is not authorized by the Bankruptcy Code. | Trustee provides no authority other than its own novel interpretation. Abundant case law exists in Northern District of Texas conditionally approving disclosure statements.<br><br>*Section H Procedures for Complex Cases in the Northern District of Texas*, which applies to these Chapter 11 Cases, also explicitly authorizes conditional approval of disclosure statements. |
| 2. | **Exculpation. VIII.E**. Plan unconfirmable because the exculpation provisions are overly broad in contravention of Fifth Circuit precedent. | Scope of exculpations is limited to estate fiduciaries consistent with Fifth Circuit precedent. |
| a. | Plan does not define "Exculpated Party" | Addressed in revised Plan:<br><br>***Exculpated Party*** means each of the Exculpated Fiduciaries in their capacity as such, and, in each case, subject to the maximum extent permitted by law. |
| 3. | **Injunction. VIII. F.** | |
| a. | The following language needs to be removed in the injunction provision.<br><br>"BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN WILL BE DEEMED TO HAVE AFFIRMATIVELY AND SPECIFICALLY CONSENTED TO BE BOUND BY THE PLAN, INCLUDING, WITHOUT LIMITATION, THE INJUNCTIONS SET FORTH IN THIS ARTICLE VIII.F." | Confirmation issue, nonetheless, language in the injunction provision related to claims against third parties was revised to be limited to those that have opted in to the third-party releases as follows:<br><br>"THE RELEASES AND INJUNCTIONS SET FORTH IN THIS ARTICLE VIII IN FAVOR OF NON-DEBTOR PARTIES SHALL ONLY APPLY TO HOLDERS OF CLAIMS OR INTERESTS IF SUCH HOLDER OF A CLAIM OR INTEREST TIMELY OPTS INTO THE RELEASES. FOR THE AVOIDANCE OF DOUBT, ALL HOLDERS OF CLAIMS AND INTERESTS, WHETHER OR NOT THEY OPT INTO THE |

| UST Comment / Argument | Debtors' Response |
|---|---|
| | RELEASES, SHALL BE ENJOINED FROM ASSERTING OR CONTINUING TO PURSUE ANY CLAIM OR CAUSE OF ACTION ARISING PRIOR TO ENTRY OF THE CONFIRMATION ORDER AGAINST THE DEBTORS OR THEIR ESTATES TO THE EXTENT SUCH CLAIMS ARE ADDRESSED BY, OR SATISFIED IN ACCORDANCE WITH, THIS PLAN." |
| b. The Court lacks jurisdiction to enter a permanent injunction via the Plan for claims between non-debtors. | Permissible under prevailing Fifth Circuit precedent so long as the injunction is consensual. *See, e.g., In re Camp Arrowhead*, 451 B.R. 678, 701–02 (Bankr. W.D. Tex. 2011) ("The Fifth Circuit does allow permanent injunctions so long as there is consent."). <br><br> Releases contained in the Plan require parties to affirmatively opt-in and therefore, they are consensual and permissible under Fifth Circuit precedent. |

| | **UST Comment / Argument** | **Debtors' Response** |
|---|---|---|
| 4. | **Government Carve Out**<br><br>The Plan should be modified to add the below proposed language clarifying that claims brought by any governmental entities are not released.<br><br>Nothing in the Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any party or person, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or person for any liability of such persons whatever, including without limitation any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against such persons, nor shall anything in the Confirmation Order or the Plan exculpate any party or person from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any party or person. | Confirmation issue; however, the Debtors will include the following language to their proposed Confirmation Order :<br><br>Subject to the requirements applicable to Governmental Units set forth in the Bar Date Order, nothing in the Plan or this Confirmation Order shall effect a release of any claim by any Governmental Unit or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against any party or Person, nor shall anything in the Plan or this Confirmation Order enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or Person for any liability of such Persons whatsoever, including, without limitation, any claim, suit, or action arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against such persons, nor shall anything in the Plan or this Confirmation Order exculpate any party or Person from any liability to any Governmental Unit or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental Laws, or any criminal Laws of the United States or any state or local authority against any party or Person. |

| | **UCC Comment** | **Debtor Response** |
|---|---|---|
| 1. | **The Plan Effectuates Improper Substantive Consolidation in Violation of the Absolute Priority Rule.** The Plan ignores the division between assets of the Securitization Entities and Non-Securitization Entities and distributes the aggregate value to Prepetition Lenders prejudicing general unsecured creditors. | Confirmation issue.<br><br>The Securitization Entities are subject to a payment waterfall pursuant to the Prepetition Securitization Indenture. Under this priority scheme, any profits generated by the Securitization Entities are first used to repay the Non-Securitization Entity on account of Manager Advances. Thus, the Manager Advance Claims of the Non-Securitization Entity against the Securitization Entities are entitled to receive distributions ahead of any distributions on account of the noteholders' claims under the Prepetition Securitization Indenture.<br><br>The Securitization Entities have not generated revenues sufficient to satisfy any claims beyond those held by prepetition lenders, and therefore, claims held by general unsecured creditors are not prejudiced in any way by the proposed Plan treatment. |
| 2. | **Disclosure Statement Fails to Explain How the Plan Can Satisfy the Best Interest of Creditors' Test.** | Addressed in the revised Disclosure Statement's liquidation analysis.<br><br>Debtors will be ready to defend their liquidation analysis at the Combined Hearing. |
| 3. | **The Disclosure Statement Should Not be Conditionally Approved Because it Does Not Contain Adequate Information**. Disclosure Statement is missing liquidation analysis, valuation analysis, and financial projections.<br><br>The Disclosure Statement also does not identify or properly evaluate unencumbered assets. | Addressed in the revised Disclosure Statement.<br><br>There are no unencumbered assets or at best the value of any such unencumbered assets is *de minimis* as demonstrated in the liquidation analysis.<br><br>Debtors will be ready to defend their liquidation analysis at the Combined Hearing. |

| | | |
|---|---|---|
| **4.** | **The Disclosure Statement Contains No Information on the Prepetition Marketing Process or the Buyer Group and its Sale Transactions.** | Addressed in the revised Disclosure Statement. |
| **5.** | **The Disclosure Statement Does Not Contain Sufficient Information About the Releases or the Consideration Being Provided for the Releases.** | Appropriateness of releases are confirmation issues. Debtors will be ready to defend the appropriateness of the releases at the Combined Hearing. |