

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 30, 2025**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Hooters of America, LLC, *et al.*,[1] | Case No. 25-80078 (SWE) |
| | (Jointly Administered) |
| Debtors. | |

**ORDER (I) AUTHORIZING DEBTORS
TO (A) REJECT CERTAIN UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON
PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

Pursuant to and in accordance with the *Order Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. 158] (the "Rejection Procedures Order")[2] entered in the above-caption Chapter 11 Cases of Hooters of America, LLC and its debtor affiliates (collective, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain unexpired leases of nonresidential real property of the Debtors (each a "Real Property Lease" and collectively, the "Real Property Leases") identified on **Annex A** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Real Property Leases are hereby rejected as set forth herein, effective as of the date set forth for such Real Property Leases on **Annex A**, which shall not be prior to the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises, except as otherwise agreed by the Debtors and the applicable lease counterparty (the "Rejection Date").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

2. Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court. Any landlord or other designee shall be free to dispose of any such items as of the Rejection Date. Following the Rejection Date, the applicable Landlord or their designee may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of any remaining property without further notice of liability to the Debtors and the automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

3. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that might exist against any creditor or interest holder.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Real Property Leases are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to the Real Property Leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under the Real Property Leases or other agreements between the same parties, without further order of this Court.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7. Any proofs of claim for rejection damages or other related claims if any, asserted by counterparties to the Real Property Leases shall be filed on or before the later of (i) the claims bar date established by the Court in these Chapter 11 Cases, if any, and (ii) thirty (30) days after entry of this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**# # # End of Order # # #**

**Annex A**

**Unexpired Nonresidential Real Property Leases**

| Address of Subject Property | Landlord Name and Address | Rejection Date | Description of Abandoned Property |
|---|---|---|---|
| 8101 I-40 West, Amarillo, TX 79121 | Engler Northwest, LLC<br>Brayden Engler<br>30953 Willard Lane<br>Concrete, WA 98237 | June 30, 2025 | De minimis personal property |
| 12185 Springfield Pike, Cincinnati, OH 45246 | ATS Realty, LLC<br>Adam Short<br>1044 Jouett Creek Drive,<br>Lexington KY 40509 | June 30, 2025 | De minimis personal property |
| 3600 Crain Hwy., Waldorf, MD 20603 | AL NF Crain LLC<br>Noah Fox<br>1665 Washington Ave. 4th Floor, Miami Beach, FL 33139 | June 30, 2025 | De minimis personal property |
| 12320 NW 10th Street, Oklahoma City, OK 73099 | Yukon One LLC<br>Steven Veal<br>PO Box 15001<br>St. Louis, MO 63110 | June 30, 2025 | De minimis personal property |

Order submitted by:

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

*Co-Counsel to the Debtors*

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

**ROPES & GRAY LLP**
Chris L. Dickerson (admitted *pro hac vice*)
Rahmon J. Brown (admitted *pro hac vice*)
Michael K. Wheat (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Counsel to the Debtors*